UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-60821-CIV-MARTINEZ-BROWN**

HECTOR MARIN AND OMHERY MADRIZ,

      Plaintiffs,

vs.

ALVAREZ, ARMAS & BORRON, P.A., and J.
ALFREDO DE ARMAS, individually,

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO
LIABILITY ON PLAINTIFFS' FAIR DEBT COLLECTION PRACTICES ACT CLAIM
AND DISMISSING WITHOUT PREJUDICE PLAINTIFFS' FLORIDA CONSUMER
COLLECTION PRACTICES ACT CLAIM**

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment

as to Liability on Plaintiffs' Fair Debt Collection Practices Act Claim (D.E. No. 25).  Plaintiffs

Hector Marin and Omhery Madriz ("Plaintiffs") filed suit against Defendants Alvarez, Armas &

Borron, P.A. ("Defendant" or "Alvarez P.A.") and J. Alfredo de Armas ("Defendant" or "de

Armas") in a two-count complaint, alleging a violation of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et. seq*. ("FDCPA") and a violation of the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.55 *et. seq*. ("FCCPA").  Defendants have now moved for summary

judgment on the FDCPA claims asserted against them, and the Court finds this motion is ripe for

adjudication.[1]  After careful consideration, this Court grants Defendants' motion for summary

---

[1]Plaintiffs failed to file a response to Defendants' motion.  Upon *sua sponte* review of the
record by the Court, the Court entered an Order requiring Plaintiffs to file a response to
Defendants' motion, noting that the time to file such a response had long since passed.  *See* (D.E.
No. 26).  The Order was entered on March 20, 2009 and gave Plaintiffs until March 30, 2009 to

judgment on the FDCPA claim and dismisses the remaining state claim without prejudice.

## I. Relevant Factual and Procedural Background

Defendant Alvarez P.A. is a law firm established in 1993 which concentrates on the practice of complex litigation. (D.E. No. 25-2 at 1). Defendant de Armas is a shareholder of Alvarez P.A. *Id*. With regard to their practice, Defendants do not derive any income from the collection of consumer debts, the eviction of individuals, or the collection of consumer accounts. *Id*. at 2. In addition, Defendants do not engage in the collection of consumer accounts nor do they represent any institutional lenders. *Id*. Instead, Defendants limit their practice to complex litigation. *Id*. at 1.

On March 14, 2008, Defendants, on the behalf of their client Dr. Jaime Montenegro, served Plaintiffs with Three Day Notices for Demand for Payment of Rent or Possession of Premises. (D.E. No. 1 at 9, 10). Defendants represented Dr. Montenegro in another matter related to a car accident and derived no income from their work on the ejectment/eviction action relating to Plaintiffs to which the March 14, 2008 Notice related. (D.E. No. 25-2 at 3).

On May 30, 2008, Plaintiffs filed a Class Action Complaint against Defendants.

---

file a response to Defendants' motion. *Id*. The Order also cautioned that "[n]o extensions of this deadline will be granted" and stated that if Plaintiffs did not file a response by March 30, 2009, the Court would consider Defendants' motion without a response. *Id*. Instead of complying with the Court's Order, Plaintiffs filed a motion for extension of time on March 30, 2009 referencing their need for additional discovery and stating that Defendants had not provided them with discovery. *See* (D.E. No. 27). The Court notes that discovery closed in this case on February 25, 2008, *see* (D.E. No. 15), and no motions to compel were pending at the time the extension was requested. The Court denied Plaintiffs' motion for extension of time. *See* (D.E. No. 30). Because it would be inappropriate to grant Defendant's motion for summary judgment by default, *See Tr. of Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Employers v. Wolf Crane Serv.*, 374 F. 3d 1035, 1039-40 (11th Cir. 2004), the Court now considers Defendants' motion for summary judgment without a response.

Plaintiffs, however, have never filed a motion to certify a class in this case, and the deadline for filing such a motion has long since passed. Thus, Plaintiffs' two counts asserted against Defendants are not treated as class claims. In Count One, Plaintiffs allege a violation of the FDCPA. Specifically, Plaintiffs allege that Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiffs "with a validation or verification notice in conjunction with the three . . . day notices served upon the Plaintiffs." (D.E. No. 1 at 3). In Count Two, Plaintiffs allege a violation of the FCCPA for the same reasons as they have alleged a violation of the FDCPA. *Id*. at 4. Defendants now move for summary judgment on the FDCPA claim asserted against it.

## II. Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id*. at

255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc*., 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate

-4-

'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  Analysis

Defendants move for summary judgment on the FDCPA claim, arguing that they are entitled to judgment as a matter of law because they are not debt collectors under the FDCPA.  "In order to prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1361 (S.D. Fla. 2000) (internal quotation marks omitted).  In this case, the Court finds that there are no genuine issues of material fact, and Defendants are not debt collectors as defined by the FDCPA; therefore, Defendants are entitled to summary judgment on the FDCPA claim.

Section 1692a(6) of the FDCPA states that "[t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Thus, under the plain language of this section, in order for a person or an entity to be a debt collector such person or entity must operate business with the "principal purpose" of collecting debts owed or must be a person or entity who "regularly" collects debts.  Applying the plain language of this statute to the undisputed facts in this case, the Court finds that there are no genuine issues of material fact as to

whether Defendants maintain a business with the principal purpose of collecting debts or as to whether they regularly collect debts.

Defendants have submitted the affidavit of Defendant de Armas stating that Defendants do not derive any income from the collection of consumer debts, the eviction of individuals, or the collection of consumer accounts. *Id*. at 2. In addition, de Armas states that Defendants do not engage in the collection of consumer accounts nor do they represent any institutional lenders. *Id*. Instead, de Aramas states that Defendants limit their practice to complex litigation. *Id*. at 1. Plaintiffs have not offered any evidence to dispute Defendants' evidence. Based upon this undisputed evidence, the Court finds there are no genuine issues of material fact, and Defendants were not engaged in a business with the principal purpose of collecting debts nor did they regularly collect debts. Thus, Defendants are not debt collectors and cannot be liable under the FDCPA. *See Schroyer v. Frankel*, 197 F. 3d 1170, 1176 (6th Cir. 1999) (upholding district court's finding that attorneys were not debt collectors under the FDCPA because they did not regularly collect debts and finding that to be a debt collector under the FDCPA "a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice."); *Camara v. Fleury*, 285 F. Supp. 2d 90 (D. Mass. 2003) (granting summary judgment in favor of an attorney and his law firm and finding they were not debt collectors under the FDCPA where plaintiff failed to present evidence to dispute that only 4.57% of the firm's work involved consumer debt collection activities); *Nance v. Petty, Livingston, Dawson & Devening*, 881 F. Supp. 223, 225 (W.D. Va. 1994) (granting law firm's and partners' motion to dismiss and finding that they were not debt collectors under the FDCPA because debt collecting cases made up such a

small percentage of the firm's practice). Accordingly, Defendants are entitled to summary judgment on the FDCPA claim, and the Court grants Defendants' motion.

In addition, this Court *sua sponte* dismisses Plaintiffs' state law claim based on a violation of the FCCPA.  It is within this Court's discretion to exercise supplemental jurisdiction over pendent state claims.  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). However, the United States Supreme Court has stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  The United States Supreme Court has since explained that this statement in *Gibbs* is not a mandatory rule, but rather

> [t]he statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  In considering this balance of factors, along with the fact that all federal claims have been dismissed from this action, this Court finds that the balance of factors, including judicial economy, convenience, fairness, and comity, weigh in favor of dismissal.  Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

1.      Defendants' Motion for Summary Judgment as to Liability on Plaintiffs' Fair Debt Collection Practices Act Claim (D.E. No. 25) is **GRANTED**.  Final Judgment shall be entered by separate order.

2.      Plaintiffs' remaining state claim for a violation of the FCCPA is **DISMISSED without prejudice** to Plaintiffs asserting this claim in state court.

-7-

3.     This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 17 day of April, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record