UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60821-CIV-MARTINEZ/BROWN

Hector Marin, and
Omhery Madriz

    Plaintiffs,

vs.

Alvarez, Armas & Borron, P.A., and
J. Alfredo de Armas, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' RENEWED MOTION FOR SANCTIONS AGAINST THE PLAINTIFFS AND THEIR COUNSEL AND
## DEFENDANTS' SUPPLEMENTAL VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS MATTER** came before the Court on the Defendants' Renewed Motion for Sanctions Against the Plaintiffs and Their Counsel (D.E. 33) and Defendants' Supplemental Verified Motion for Attorney's Fees and Costs (D.E. 38). The Court has considered the Motions, the Response and the Reply to the Renewed Motion for Sanctions, and all pertinent materials in the file. No response to the Supplemental Verified Motion for Attorney's Fees and Costs was filed.

## BACKGROUND

Plaintiff's counsel, Mathew J. Militzok, filed this action on behalf of his clients Hector Marin and Omhery Madriz against Defendants Alvarez, Armas & Borron, P.A., and J. Alfredo de Armas, individually. Plaintiffs alleged that Defendants violated the Fair Debt Collection

1

Practices Act 15 U.S.C. §1692g ("FDCPA") and Florida Consumer Collection Practices Act §559.55, *et. seq.* ("FCCPA") when Defendants failed to provide Plaintiffs and other similarly situated consumers with a validation or verification notice in conjunction with the "Three Day Notice" served upon the Plaintiffs. Compl. ¶¶ 13,17. The Complaint also made class allegations and stated that "there may be hundreds of members in the Class herein described." Compl. ¶ 24. Plaintiffs never filed a motion to certify the class.

Defendants filed their Answer containing six affirmative defenses and stating that Defendants were not "debt collectors" since they "derived substantially less than 1% of their income, if any, from collection of debts." Answer ¶ 2. Defendants also filed a Motion for Sanctions (D.E. 5), to which Plaintiffs never responded and which was denied without prejudice (D.E. 20). The District Judge scheduled the case for trial and set discovery deadline as February 25, 2009 (D.E. 15).

Defendants moved for summary judgment on February 27, 2009 (D.E. 25), and Plaintiffs failed to file a timely response. The District Judge entered the Order requiring Plaintiffs to respond to the Motion for Summary Judgment by March 30, 2009 (D.E. 26). Instead of complying with the Order, Plaintiffs filed a Motion for Extension of Time specifying their need for additional discovery and acknowledging that Defendants allowed Plaintiffs to set up an appointment to inspect records at their place of business but that Plaintiffs had not scheduled an appointment yet (D.E. 27). The District Judge then considered Defendants' Motion for Summary Judgment without a response and granted it since Defendants submitted the Affidavit stating that they derived no income from the collection of consumer debts, and Plaintiffs failed to rebut this evidence, leaving no genuine issues of material fact (D.E. 31).

Defendants then renewed their Motion for Sanctions Against the Plaintiffs and Their Counsel (D.E. 33), which was granted by the Court against Plaintiffs' counsel only in the absence of a response (D.E. 35). The Court also directed the Defendants to file a supplemental motion for fees and costs as to the amount of the award (D.E. 35). Defendants then filed their Supplemental Verified Motion for Attorney's Fees and Costs (D.E. 38) accompanied by an itemization of hours and fees devoted to the defense of this action and totaling $21,960.00 (Exh. A, D.E. 38). Plaintiffs filed a Motion to Set Aside Order on Motion for Sanctions (D.E. 36), which was granted (D.E. 40). Plaintiffs responded to the Renewed Motion for Sanctions but not to the Supplemental Motion. Both Defendants' Renewed Motion for Sanctions and Supplemental Verified Motion for Attorney's Fees and Costs are before the Court now.

## DISCUSSION

### I. Defendants' Renewed Motion for Sanctions

Federal Rule of Civil Procedure 11 states in pertinent part:

. . .

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

3

> (c) Sanctions.
>
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Fed.R.Civ.P. 11.

In the Eleventh Circuit, a court considering a motion for Rule 11 sanctions must conduct a two-step inquiry and determine whether the claims were objectively frivolous in view of the facts or of the law, and if they were, whether the person who signed the pleadings should have been aware that they were frivolous had he or she made a reasonable inquiry. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 stresses the need for some prefiling inquiry. *Id.* "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Id.* The reasonableness of the inquiry "may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for the facts underlying the [violative document]; ... or whether he depended on forwarding counsel or another member of the bar." *Id.* quoting *Ousley Productions*, 952 F.2d, 380, 382 (11th Cir. 1992).

In *Worldwide Primates*, plaintiff's counsel filed a complaint based solely on the documents given to him by the client and the client's statement that his business suffered damages. Sanctions against the plaintiff's counsel in the amount of $25,000 were proper in that case because he failed to conduct any independent prefiling inquiry into the nature of damages and the documents, which in fact contained attachments not given by the plaintiff to counsel and undermining plaintiff's claims. 87 F.3d at 1254.

In the case at hand, Defendants argue that Rule 11 sanctions are proper because Plaintiffs' counsel did not conduct any prefiling inquiry, and that had he done so, he would have discovered that Defendants were not "debt collectors" under FDCPA as Plaintiffs alleged in their Class Action Complaint. Further, Defendants contend that Plaintiffs' counsel did not dismiss the action upon being advised by the Defendants in their Answer and otherwise that they would not satisfy the "debt collector" requirement. Also, Defendants argue that Plaintiffs' counsel conducted practically no discovery and failed to respond to the Defendants' Motion for Summary Judgment and Motion for Sanctions indicating that this action was frivolous. Defendants provided an Affidavit by J. Alfredo de Armas, Esq. stating that neither Alvarez, Armas & Borron, P.A. nor he personally derive any income from the collection of consumer debt or eviction of individuals, and that the notices provided to the Plaintiffs were served on behalf of a client whom the Defendants represented in another matter and that Defendants derived no income from this eviction action.

Plaintiffs contend that they had a good faith belief that Defendants were debt collectors since Defendants were prosecuting a landlord/tenant action against the Plaintiffs. Plaintiffs also assert that Defendants could have over the years conducted collections that could have qualified them as debt collectors, and argue that Defendants were given an opportunity to prove otherwise. However, this logic is faulty. Under this approach any attorney or any law firm is a debt collector unless they prove the contrary, but it is the plaintiff who must establish the prima facie case, not the defendant.

Plaintiffs' counsel does not argue that he, in fact, undertook any prefiling inquiry. Plain text of Rule 11 contains the requirement of the prefiling inquiry to ascertain that claims alleged

5

have support in fact and law. Plaintiffs' counsel does not allege that there were time limitations for filing of the Complaint or any reasons why he had to rely on his clients. Essentially, Plaintiffs never provided any evidence why Defendants could be considered "debt collectors," whereas Defendants have insisted from the very inception of this action and they were not engaged in such business, provided a sworn affidavit to this effect, and made their records available for inspection, which Plaintiffs' counsel failed to conduct. While it was arguably possible for the Plaintiffs' counsel to believe on the basis of the underlying eviction that Defendants engaged in some collections, Plaintiffs' counsel never demonstrated that he had any basis for stating in the Complaint that "there may be hundreds of members in the Class." As the plaintiff's counsel in *Worldwide Primates*, Plaintiffs' counsel here failed to conduct any inquiry into what his clients supplied to him and into other facts that were alleged in the Complaint. As in *Worldwide Primates*, this is sanctionable.

The Court finds no basis in the record or in the Motion to grant sanctions against the Plaintiffs, and recommends granting sanctions against Plaintiffs' counsel only.

**II. Defendants' Supplemental Verified Motion for Attorney's Fees and Costs.**

Failure to serve a memorandum of law in opposition to a motion within 10 days may be deemed sufficient cause for granting the motion by default under Local Rule 7.1.C. Plaintiffs never responded to the Defendants' Supplemental Motion for Attorney's Fees and Costs, which was filed on May 26, 2009 (D.E. 38). Therefore, Defendants' Supplemental Motion should be granted and Plaintiffs' counsel should be ordered to pay Defendants $21,960.00 in attorney's fees.

## RECOMMENDATION

Wherefore, this Court respectfully recommends that Defendants Alvarez, Armas & Borron, P.A. and J. Alfredo de Armas' Renewed Motion for Sanctions Against the Plaintiffs and Their Counsel **(D.E. 33)** be **GRANTED against Plaintiffs' Counsel only** and sanctions be imposed in the amount of $21,960.00 requested in the Defendants' Supplemental Verified Motion for Attorney's Fees and Costs **(D.E. 38)**, which thereby should be **GRANTED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of August, 2009.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
Counsel of record