UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:08-60821-CIV-MARTINEZ/BROWN**

HECTOR MARIN AND OMHERY MADRIZ,

    Plaintiffs,

vs.

ALVAREZ, ARMAS & BORRON, P.A., and J.
ALFREDO DE ARMAS, individually,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge, for a Report and Recommendation on Defendants' Supplemental Verified Motion for Attorney's Fees and Costs (D.E. No. 38). The Magistrate Judge filed a Report and Recommendation (D.E. No. 43). The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is ADJUDGED that United States Magistrate Judge Brown's Report and Recommendation is AFFIRMED and ADOPTED, as set forth below.

Plaintiffs' counsel argues in his objection to the Report and Recommendation that he was not aware of the need to file a response to the motion for attorney's fees because the deadline for filing a response passed while his Motion to Set Aside Magistrate Judge Brown's Sanctions Order -- which was subsequently granted by Magistrate Judge Brown -- was still under consideration. This argument is unavailing.

It is clear from a review of the record that Magistrate Judge Brown did not strike the *motion*

for sanctions; rather, he struck the Order granting it, based on the contention of Plaintiffs' counsel that he failed to respond to the motion for sanctions due to a "computer glitch" that constituted excusable neglect. Thus, it was logical to consider the still-pending motion for sanctions as well as the motion for attorney's fees in tandem, as requesting a ruling regarding both Defendants' entitlement to fees (by granting the motion for sanctions) and the amount of fees (by granting the motion for attorney's fees). While Plaintiffs' counsel may have preferred to hold the motion for attorney's fees in abeyance pending the resolution of the motion for sanctions, he did not mention this prior to filing his objections to the Report and Recommendation; and, in any event, his unilateral desire to extend the proceedings by addressing the motions in sequence does not affect the operative deadlines absent an Order of the Court.

If Plaintiffs' counsel had doubts about his obligation to respond to a pending motion or required more time to formulate a response, the proper course would have been to file a motion requesting the appropriate relief -- for example, a motion for clarification or a motion for an extension of time -- and not to simply ignore his duty to file a response to a pending motion within the time provided pursuant to this Court's Orders and the Federal and Local Rules. This is especially true given the nature of the claims that gave rise to the motion for sanctions (i.e., the failure of Plaintiffs' counsel to refrain from filing frivolous pleadings without undertaking a reasonable investigation in violation of Federal Rule of Civil Procedure 11), and in light of the proceedings up to that point (which included, among other things, Plaintiffs' failure to file a timely response to Defendants' motion for summary judgment) (D.E. No. 31 at 1-2 n.1).

Moreover, the undersigned notes that Plaintiffs' counsel neglected to offer any substantive basis for questioning the reasonableness of the attorney's fees sought by Defendants and he did not provide any reason why excusing his unreasonable neglect in responding to Defendants' motion

would ultimately lead to a different result.

The Court has considered the remaining issues raised in the objections to the Report and Recommendation and finds them to be likewise without merit. And, although Plaintiffs' counsel filed a supplemental objection, it was filed long after the time for objections had passed without providing a reason for the delay and comports with the pattern of Plaintiffs' counsel in neglecting to meet his filing deadlines in this case, which is detailed in Defendants' briefs (*see, e.g.*, D.E. No. 45). *See* Fed. R. Civ. P. 72(b); *State Contracting & Eng'g Corp. v. Condotte America, Inc.*, 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005), *amended on reconsideration in part on other grounds*, No. 97-7014-CIV, 2005 WL 5643877 (May 31, 2005), (rejecting parties' requests to file untimely amended objections to a report and recommendation because "a casual disregard for Court imposed deadlines . . . will not be tolerated.").

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation (D.E. No. 43) on is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendants' Renewed Motion for Sanctions (D.E. No. 33) and Supplemental Verified Motion for Attorney's Fees (D.E. No. 38) are **GRANTED**. Defendants are awarded $21,960.00 in attorney's fees, which shall be paid by Plaintiffs' counsel only, and not by the plaintiffs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of January, 2010.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record